# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAT KUEHL,<br><br>                              Plaintiff,<br>   vs.<br><br>EMC MORTGAGE CORPORATION, et al.,<br><br>                             Defendant. | CASE NO. 09cv2470-LAB (POR)<br><br>**ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION; AND**<br><br>**ORDER TO SHOW CAUSE RE: VENUE** |

On November 4, 2009, Plaintiff filed her complaint. On November 6, she filed an *ex parte* motion captioned as a motion for preliminary injunction (the "Motion").[1] None of the seven named Defendants has appeared.

## I.     Motion for Emergency Relief

The Motion seeks discovery of certain information, as well as an injunction against

---

[1] Plaintiff's counsel initially identified this as a motion for a temporary restraining order, but then filed a motion for preliminary injunction. Motions for temporary restraining orders are normally filed *ex parte*, *see* Chambers Standing Order ¶ 5, while hearing dates for motions for non-emergency relief must be obtained from the clerk before filing. *See* Civil Local Rule 7.1(b). Although the Motion is captioned as one for preliminary injunction, it alleges that "immediate and irreparable injury will result" unless the relief it seeks is granted. (Mem. in Supp. of Motion at 2:8–9.) *Cf.* Fed. R. Civ. P. 65(b)(1)(A) (requiring a showing of "immediate and irreparable injury, loss or damage" before a temporary restraining order may be issued). The Court will therefore treat it as an *ex parte* motion for a temporary restraining order, and it is accepted for filing as such.

1  all Defendants preventing them from foreclosing on her home.  On November 6, 2009,
2  Plaintiff filed proof of service showing copies of the Motion were mailed to Defendants.  No
3  proof of service of process has been filed, however.

4         Plaintiff recently filed a bankruptcy petition in the U.S. Bankruptcy Court for the
5  Central District of California, and her home, which is the subject of the instant action, is listed
6  on Schedule B of that petition.  (*See* Application for Temporary Restraining Order, Ex. H.)
7  There is no indication Defendants will soon foreclose on her home.  (*Id.*, Ex. A (Letter from
8  Quality Loan dated July 27, 2009, stating that foreclosure was "on hold" due to Plaintiff's
9  filing for bankruptcy).)

10        Because Defendants have not been provided with the required notice, and because
11 the standard for granting emergency relief has not been met, the Motion is **DENIED** without
12 prejudice.

13 **II.**    **Venue**

14        The subject of the litigation is Plaintiff's house, located in Upland. California, which
15 is located in the Central District of California.  The Complaint alleges venue is proper
16 pursuant to 28 U.S.C. § 1391(b)(2) because "a substantial part . . . of the events giving rise
17 to the claims asserted herein occurred in this judicial district and Defendant Quality Loan
18 Service has a principal place of business in this [District]."  (Complaint, ¶ 17.)

19        "In assessing whether events or omissions giving rise to the claim are substantial for
20 the purpose of establishing venue under § 1391(a)(2), the Court must look at the dispute's
21 nature."  *Hudnall v. Panola County*, 2007 WL 1521446 at *2 (D.Nev., May 22, 2007)
22 (citations omitted).  The standard is satisfied where significant acts or missions with a close
23 nexus to the claims occurred in the District.  *Daniel v. Am. Bd. of Emergency Medicine*, 428
24 F.3d 408, 432–33 (2d Cir. 2005).  The inquiry is more qualitative than quantitative.  *Id*.

25        The bulk of the claims raised in the Complaint arise from allegations of predatory
26 lending by Defendants outside this District and failure to make required disclosures in
27 connection with a home mortgage in 2007. Defendant Quality Loan Service Corp.'s ("Quality
28 Loan") involvement began no earlier than March 25, 2009 when it was appointed a "sub-

servicer" and trustee on the deed of trust after the loan was already in default. (Complaint, ¶ 37.)

The only claims relating to events partly in this District concern qualified written requests ("QWR") sent from Plaintiff's counsel's office in this District to EMC Mortgage Corporation ("EMC") and Quality Loan on June 26, 2009. (*Id*., ¶¶ 39, 55, 63.) The requests, which are separately filed (Docket no. 3, Exs. 4–6), are extremely broad. The Complaint complains principally about EMC's behavior and responses. (*Id*., ¶¶ 44–46.) Of the events allegedly occurring wholly within this district, Quality Loan's alleged wrongdoing consists primarily of not having or providing the information Plaintiff asked for. (*Id*., ¶ 57.)

Under the section of RESPA addressing responses to QWRs, 12 U.S.C. § 2605(e), a servicer may respond with a written explanation that information the borrower requests is unavailable, and contact information for someone who can provide assistance. § 2605(e)(2)(C). According to the Complaint, however, Quality Loan did this, or something very similar, when it sent Plaintiff a reply providing some information and saying the remainder was unavailable, and referring her request to EMC. (Complaint, ¶ 57; Docket no. 3, Ex. 8 (Letter from Quality Loan).) If a substantial part of the claims in this case arose as a result of events in this District, it is not apparent on the face of the Complaint.

This action's connection with this District therefore appears to be very limited at most. Under 28 U.S.C. § 1391(b)(2), it appears venue is therefore not proper in this District, but would be proper in the Central District of California where Plaintiff's house is located and where virtually all the complained-of events apparently took place.

Plaintiff is therefore **ORDERED TO SHOW CAUSE** why this action should not be transferred to the U.S. District Court for the Central District of California, pursuant to 28 U.S.C. § 1406(a). Plaintiff may do so by filing and serving a memorandum of points and authorities, no longer than five pages, not counting any appended or lodged material. The memorandum must be filed and served within **7 calendar days of the date this order is issued**. If Plaintiff fails to show cause as ordered within the time permitted, this action will

/ / /

be transferred. If Plaintiff agrees this action should be transferred, she should promptly file a notice so stating.

**IT IS SO ORDERED**.

DATED: November 9, 2009

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge